UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore District Office<br>10 S. Howard Street, Third Floor<br>Baltimore, Maryland 21201<br><br>    Plaintiff,<br><br>  v.<br><br>MAYOR AND CITY COUNCIL OF OCEAN CITY,<br>301 Baltimore Avenue<br>Ocean City, Maryland 21842<br><br>    Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the bases of age and retaliation and to provide appropriate relief to Anthony Indge. As alleged with greater particularity in paragraphs 7 and 8 below, the Equal Employment Opportunity Commission alleges that in or around May 2008, Defendant failed to hire Indge into the position of full-time airport associate because of his age, 62, and in or around March 2009, Defendant failed to rehire Indge into the position of temporary line technician in retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Mayor and City Council of Ocean City ("Defendant Ocean City") has continuously been a political subdivision of the State of Maryland.

5. At all relevant times, Defendant Ocean City has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### STATEMENT OF CLAIMS

7. In or around May 2008, Defendant Ocean City engaged in unlawful employment practices at its Ocean City Municipal Airport, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). These practices include failing to hire Indge into the position of full-time airport associate because of his age, 62, as follows:

   a. Indge was employed with Defendant's Municipal Airport as a temporary line technician.

   b. From approximately November 2007 through December 2007, Indge filled in as a part-time airport associate after an airport associate had to take leave.

   c. In late March of 2008, following Defendant's discharge of a full-time airport associate, Indge again performed airport associate duties, splitting coverage with another part-time airport associate.

   d. Indge performed the duties of airport associate to Defendant's satisfaction. Indeed, Defendant's Airport Manager told Indge that because of his knowledge of the line technician and airport associate positions, he was "one of the more valued employees."

   e. In or around April 2008, Defendant advertised the position of full-time airport associate position.

   f. Indge applied for the position, and in May 2008 was interviewed by Defendant's Airport Manager. During the interview, Defendant's Airport Manager made

        ageist comments to Indge, including telling Indge that he had serious concerns about Indge's age and that he did not think Indge would have a long-term commitment because of his age.

    g.    In May 2008, Defendant hired a less qualified forty-five year old female who had never previously worked with Defendant and had no prior experience as an airport associate.

8.    Since at least March 2009, Defendant Ocean City has engaged in unlawful employment practices at its Ocean City Municipal Airport, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d). These practices include failing to rehire Indge into the position of temporary line technician in retaliation for engaging in protected activity, as follows:

    a.    After being told he was not selected for the full-time airport associate position, Indge complained of age discrimination to Defendant Ocean City's Director of Human Resources, Director of Public Works, and Senior Project Manager.

    b.    In October 2008, Indge filed a Charge with the Equal Employment Opportunity Commission alleging age discrimination against Defendant Ocean City.

    c.    Indge remained employed with Defendant Ocean City as a temporary line technician in 2008 until the season ended.

    d.    In or around March and/or April 2009, Indge made it known to Defendant Ocean City that he wished to be rehired as a temporary line technician for the 2009 season.

  f. Defendant Ocean City hired three individuals for the temporary line technician position, one of whom did not submit a formal application for the temporary line technician position.

  g. Defendant failed to rehire Indge into the position of temporary line technician for the 2009 season.

  9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Indge of equal employment opportunities and otherwise adversely affect his status as an employee because of his age and because he engaged in protected activity.

  10. The unlawful employment practices complained of in paragraphs 7 and 8 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant Ocean City, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from failing to hire individuals on the basis of age, from failing to hire and/or rehire individuals in retaliation for engaging in protected activity, and engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older or retaliates against individuals who engage in protected activity.

  B. Order Defendant Ocean City to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older and for individuals who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.   Grant a judgment requiring Defendant Ocean City to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Indge whose wages are being unlawfully withheld as a result of the acts complained of above.

D.   Order Defendant Ocean City to make Indge whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement as a full-time airport associate, instatement as a temporary line technician, and/or provide front pay where appropriate.

E.   Grant such further relief as the Court deems necessary and proper in the public interest.

F.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, Maryland 21201
Phone: 410-209-2733
Fax: 410-962-4270
E-mail: Maria.Salacuse@eeoc.gov